UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HEATHER CLIFF, | Case No.: 3:25-cv-00296-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 11 |
| FREEDOMROADS, LLC d/b/a CAMPING WORLD RV SALES, | |
| Defendant | |

Before the court is Defendant FreedomRoads' motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11.) Plaintiff Heather Cliff ("Plaintiff") has responded (ECF No. 21), and Defendant has replied (ECF No. 24).

**I. BACKGROUND**

Plaintiff filed her complaint in this action on June 12, 2025, asserting two claims: (1) sexual harassment/sexually hostile work environment, and (2) retaliation, both in violation of in violation of Title VII. The complaint alleges as follows.

Plaintiff was employed by Defendant from July 2021 until she was terminated on August 19, 2024. Plaintiff alleges that she was qualified for her job and performed satisfactorily until her termination, which was done in retaliation for her complaints about gender/sex-based harassment.

Plaintiff alleges that beginning in June 2022, Defendant's General Manager, Phillip Snapp, began making unwelcome flirtatious comments, such as "What's cooking good looking," "damn, you like fine today," and "you got a hot date?" to Plaintiff two to three times a week.

Snapp also referred to Plaintiff as "spider" or "spider monkey" multiple times a day when they worked together. Plaintiff claims these comments created a sexually hostile work environment.

In March 2024, Snapp's spouse began working for Defendant at the same location as Plaintiff and Snapp. Snapp continued to make unwelcome flirtatious comments and refer to Plaintiff by pet names. Snapp's conduct was more egregious because his spouse was present, and Plaintiff worried about becoming entangled in a domestic dispute.

On July 22, 2024, Plaintiff complained to Defendant's Corporate Human Resources Department about Snapp's conduct. On or around July 31, 2024, Plaintiff was interviewed by HR about her complaint. The following day, Plaintiff left for vacation. When she returned a week later, she was placed on a Performance Improvement Plan by Snapp and others. Plaintiff was told she must complete the PIP within thirty days or she would be terminated. Twelve days later, Plaintiff was terminated. (ECF No. 1.)

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the filing of a motion to dismiss for the failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). This does not apply, however, to "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679.

A complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Iqbal*, 556 U.S. at 678. The complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678. And it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). Allegations can be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged. *Id*. at 682.

### III. ANALYSIS

Defendant moves to dismiss both causes of action for failure to state a claim. Defendant also argues that both claims should be dismissed because the allegations of the complaint establish it is entitled to an affirmative defense under *Ellerth/Faragher*.

A. Hostile Work Environment

Title VII prohibits discrimination "because of" sex. 42 U.S.C.A. § 2000e-2(a). Sexual harassment is a form of gender discrimination in violation of Title VII, and "a plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile

3

or abusive work environment." *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 65-66 (1986). To establish a hostile work environment, a plaintiff must prove: "(1) [s]he was subjected to verbal or physical conduct of a sexual nature; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment.[1] *Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 647 (9th Cir. 2021). "[T]he required showing of severity or seriousness of the harassing conduct varies inversely with the pervasiveness or frequency of the conduct." *Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000).

"The working environment must both subjectively and objectively be perceived as abusive." *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 20–21 (1993)). "Objective hostility is determined by examining the totality of the circumstances and whether a reasonable person with the same characteristics as the victim would perceive the workplace as hostile." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1055 (9th Cir. 2007) (citing *Fuller*, 47 F.3d at 1527). The totality of the circumstances includes "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance," *Fried*, 18 F.4th at 648, as well as "offensive or retaliatory conduct which would not, in isolation, violate Title VII," *Okonowsky v. Garland*, 109 F.4th

---

[1] Alternatively, a plaintiff can show that the harassment culminated in a tangible employment action. "To prove actionable harassment under a quid pro quo or 'tangible employment action' theory," the plaintiff must show that a supervisor "explicitly or implicitly condition[ed] a job, a job benefit, or the absence of a job detriment, upon an employee's acceptance of sexual conduct." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1054 (9th Cir. 2007). Plaintiff has not raised this type of claim.

4

1166, 1182 (9th Cir. 2024). "[C]onduct must be extreme to amount to a change in the terms and conditions of employment.'" *Craig*, 496 F.3d at 1055.

What Plaintiff alleges in her complaint are frequent flirtatious comments, which often related to her appearance, and the use of a pet name that is not overtly sexual or gender-related; she alleges nothing beyond this. These allegations fall short of the type of conduct courts have found rises to the level of a hostile work environment. *See, e.g.*, *Woods v. Champion Chevrolet*, 35 Fed. App'x 453, 457 (9th Cir. 2002) (unpublished disposition) ("Being propositioned, called a 'lot whore,' and subjected to unwelcome sexually-charged comments over a period of nearly two years can scarcely be characterized as ordinary workplace socializing or normal intersexual flirtation.").

Even considering persuasive authority, the comments even fall short of conduct involving flirtation that courts have found does *not* amount to a hostile or abusive work environment. *See Vajdl v. Mesabi Acad. of KidsPeace, Inc.*, 484 F.3d 546, 551–52 (8th Cir. 2007) (finding the allegations did not establish an objectively severe or pervasive work environment where two co-workers repeatedly asked for dates, two co-workers commented on the plaintiff's body, sometimes inappropriately, and one co-worker once touched the plaintiff's bangs and wiped water off her pants, telephoned her at home and offered a ride); *Hearron v. Voith Indus. Servs., Inc.*, 483 Fed. App'x 453, 454–55 (10th Cir. 2012) (unpublished decision) (allegations "that on one occasion, [plaintiff's supervisor patted her buttocks and stated 'you need a spanking and you're gonna like it[]' [and that] at some point, [her supervisor] was 'overly friendly' and flirtatious and 'shared his personal business' with [plaintiff]" insufficient to state a claim); *Kilgannon v. Soc. Sec. Admin.*, No. 1:20-CV-01891 (MKV), 2021 WL 4523505, at *6-7 (S.D.N.Y. Sept. 30, 2021) (collecting cases); *Lamb v. City of W. Univ. Place*, 172 F. Supp. 2d

5

827, 834 (S.D. Tex. 2000) (allegations of "general flirtatious behavior and two specific comments over the course of two and a half years of . . . employment with . . . does not rise to the level of actionable sexual harassment").

In *Oncale v. Sundowner Offshore Servs., Inc.*, the Supreme Court explained:

> [T]he statute does not reach genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex. The prohibition of harassment on the basis of sex requires neither asexuality nor androgyny in the workplace; it forbids only behavior so objectively offensive as to alter the "conditions" of the victim's employment. "Conduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview. *We have always regarded that requirement as crucial, and as sufficient to ensure that courts and juries do not mistake ordinary socializing in the workplace—such as male-on-male horseplay or intersexual flirtation—for discriminatory "conditions of employment."*

523 U.S. 75, 81 (1998) (citations omitted) (emphasis added). In this vein, several persuasive district court opinions have noted that mere flirtation, without more, is not sexual harassment. *See Kilgannon*, 2021 WL 4523505, at *6; *Gross-Jones v. Mercy Med.*, 874 F. Supp. 2d 1319, 1333 (S.D. Ala. 2012), *rev'd in part on reconsideration on other grounds by* 2012 WL 2416651, at *5 (S.D. Ala. June 26, 2012).

Where the Ninth Circuit has found severe or pervasive conduct on the basis of romantic come-ons, there was substantially more to it, as in *E.E.O.C. v. Prospect Airport Servs., Inc.*, 621 F.3d 991, 998 (9th Cir. 2010), where the plaintiff's co-worker engaged in a persistent and increasingly intense pursuit of the plaintiff, including by giving him sexually charged pictures and letters, suggestively licking her lips and imitating blow-jobs as she walked by.

Because the conduct Plaintiff alleges is little more than flirtation, and flirtation standing alone is not a basis for finding a hostile work environment, Plaintiff has failed to sufficiently allege severe or pervasive conduct to sustain a hostile work environment claim. Accordingly,

Plaintiff's hostile work environment claim will be dismissed without prejudice. Because Plaintiff may be able to allege further facts that would state a claim for relief, she will be granted leave to amend this claim.

   B. Retaliation

It is unlawful for an employer to retaliate against an employee "because [s]he has opposed any practice made an unlawful employment practice" by Title VII. 42 U.S.C. § 2000e-3(a). To establish a claim of retaliation, a plaintiff must show "she engaged in protected activity, that she suffered a materially adverse action, and that there was a causal relationship between the two." *Westendorf v. W. Coast Contractors of Nevada, Inc.*, 712 F.3d 417, 422 (9th Cir. 2013); *see also Poland v. Chertoff*, 494 F.3d 1174, 1179 (9th Cir. 2007).

The plaintiff "need not establish that the opposed conduct in fact violated the Act in order to establish a valid claim of retaliation." *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (citation omitted). But to sustain such a claim, "the opposed conduct must fairly fall within the protection of Title VII." *Learned*, 860 F.2d at 932; *see also Westendorf*, 712 F.3d 417, 422 (9th Cir. 2013) ("Even though we have held that the evidence did not support Ms. Westendorf's sexual harassment claim, we think that it could support a reasonable belief that she was subjected to actionable sexual harassment, and that she had such a belief. In such circumstances, her complaints about that conduct would be protected activity.").

A plaintiff can succeed on a retaliation claim only if she shows that "her protected conduct was a but-for cause—but not necessarily the only cause—of her termination." *Westendorf*, 712 F.3d at 422.

The court concludes that Plaintiff has sufficiently stated a claim of Title VII retaliation. She claims to have engaged in protected activity – her complaint that her supervisor was

engaging in sexual harassment. Even if, ultimately, she cannot sustain a hostile work environment claim, the allegations state a plausible claim that she reasonably believed she was opposing unlawful conduct. Plaintiff was terminated within weeks of making her complaint, stating a plausible claim of both adverse employment action and a causal connection.

Defendant argues that Plaintiff has admitted in her complaint that there were valid reasons for her termination, and therefore, she cannot establish that her complaint of sexual harassment was the but-for cause of her termination. Even if the complaint could be fairly read to acknowledge legitimate, non-discriminatory reasons for Plaintiff's termination, which the court does not find, the overwhelming temporal proximity between Plaintiff's complaint and her placement on a performance improvement plan, which ultimately resulted in her termination, is sufficient to state a plausible claim that whatever those reasons were, they were pretextual. *See Kama v. Mayorkas*, 107 F.4th 1054, 1061 (9th Cir. 2024).

Accordingly, the motion to dismiss Plaintiff's claim of Title VII retaliation will be denied.

C. *Ellerth-Faragher*

"An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee." *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). This affirmative defense applies only when no tangible employment action has been taken. *See id.* at 807-08; *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998).

"Ordinarily, affirmative defenses . . . may not be raised on a motion to dismiss except when the defense raises no disputed issues of fact," *Lusnak v. Bank of Am., N.A.*, 883 F.3d 1185, 1194 (9th Cir. 2018), or where there is "some obvious bar to securing relief on the face of the

complaint," *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 973 (9th Cir. 2019).

To be entitled to this defense, Defendant must show that "(1) it took no 'tangible employment action' against [the plaintiff], (2) it exercised reasonable care to prevent and correct harassment, and (3) [the plaintiff] unreasonably failed to take advantage of preventive or corrective opportunities." *Hardage v. CBS Broad., Inc.*, 427 F.3d 1177, 1183–84 (9th Cir. 2005), *amended on denial of reh'g*, 433 F.3d 672 (9th Cir. 2006), *amended on denial of reh'g*, 436 F.3d 1050 (9th Cir. 2006).

Even assuming this defense could apply to a claim of retaliation, Defendant's assertion of the *Ellerth-Faragher* defense in its motion to dismiss fails for multiple reasons, the most important and dispositive of which is the fact that Plaintiff has sufficiently alleged a tangible employment action.[2] Accordingly, the court denies the motion to dismiss to the extent it is based on the *Ellerth-Faragher* defense.

/ / /

/ / /

/ / /

/ / /

---

[2] The court does not further consider this argument as it relates to the hostile work environment claim at this time, given that Plaintiff has not sufficiently stated such a claim.

### IV. CONCLUSION

(1) Defendant's motion to dismiss (ECF No. 11) is GRANTED IN PART and DENIED IN PART. Plaintiff's claim of hostile work environment is DISMISSED WITHOUT PREJUDICE, with leave to amend.

(2) Plaintiff will have thirty days from the date of this order to amend her complaint to cure the deficiencies addressed above. Should she fail or decline to do so, this action will proceed on her retaliation claim only.

**IT IS SO ORDERED**.

Dated: October 14, 2025

_____
Craig S. Denney
United States Magistrate Judge