# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

HEATHER CLIFF,

    Plaintiff

v.

FREEDOMROADS, LLC d/b/a CAMPING WORLD RV SALES,

    Defendant

Case No.: 3:25-cv-00296-CSD

**Order**

Re: ECF No. 29

Before the court is a motion to compel arbitration filed by the Defendant, FreedomRoads, LLC. (ECF No. 29.) Plaintiff has opposed (ECF No. 31), and Defendant has replied (ECF No. 32).

On June 12, 2025, Plaintiff filed a complaint against Defendant alleging two causes of action: (1) hostile work environment, and (2) retaliation, both in violation of Title VII. On October 14, 2025, the court granted Defendant's motion to dismiss, in part, and dismissed Plaintiff's claim of hostile work environment for failure to state a claim. (ECF No. 25.) Now that the hostile work environment claim has been dismissed, Defendant moves to compel arbitration on Plaintiff's sole remaining claim of retaliation. Plaintiff argues pursuant to the Ending Forced Arbitration Act ("EFAA"), 9 U.S.C. § 402(a), arbitration of her remaining claim cannot be compelled.

Under the Federal Arbitration Act, the court must "compel arbitration of claims covered by an enforceable arbitration agreement." *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 509–10 (9th Cir. 2023) (citing 9 U.S.C. § 3). However, under the EFAA,

> at the election of the person alleging conduct constituting a sexual harassment dispute . . . no predispute arbitration agreement . . . shall be valid or enforceable

with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.

9 U.S.C. § 402(a). A "sexual harassment dispute" is defined as "a dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401.

> The threshold requirement that must be satisfied for the EFAA to permit a litigant to avoid enforcement of a pre-dispute arbitration agreement is that the litigant must allege "conduct constituting a sexual harassment dispute . . . ," as defined in the statute. If that threshold requirement is satisfied, a predispute arbitration agreement does not apply to the case so long as: (1) it is filed under Federal, Tribal, or State law; and (2) "relates to the . . . sexual harassment dispute" as defined in the statute.

*Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp. 3d 498, 531 (S.D.N.Y. 2024).

Defendant argues that Plaintiff is subject to a mandatory arbitration agreement,[1] and despite the fact her complaint contains allegations relating to a hostile work environment, the court has dismissed the hostile work environment claim as insufficiently pled, and thus, the EFAA does not now preclude enforcement of the parties' agreement. Once a claim that triggered application of the EFAA is dismissed, Defendant argues, the case no longer qualifies for EFAA's exemption from arbitration and arbitration must be compelled. (ECF No. 29 at 7.)

Plaintiff, while apparently conceding that she is subject to an arbitration agreement that would cover her retaliation claim if it were enforceable, argues that the EFAA precludes such enforcement in this case.

Defendant's argument against application of the EFAA centers on a Southern District of New York decision, *Mitura v. Finco Services, Inc*. 712 F. Supp. 3d 442 (S.D.N.Y. 2024). In

---

[1] The arbitration agreement and Plaintiff's acknowledgment thereof can be found at ECF Nos. 29-2 and 29-3.

2

*Mitura*, the court "agree[d] with every other judge in this District who has decided the issue," and held that "to qualify as a sexual harassment dispute under the EFAA, the sexual harassment claim must be sufficiently pled to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Id.* at 451-52. Applying this standard, the court found the plaintiff had sufficiently alleged a claim of sexual harassment, and therefore arbitration could not be compelled. *Id.* at 455.

Plaintiff's argument for application of the EFAA relies on another Southern District of New York case, which adopted a different standard. In *Diaz-Roa*, 757 F. Supp. 3d 498, the court concluded that the language of the EFAA "does not require the case to state a claim 'under Federal, Tribal, or State law'' before the EFAA applies. *Id.* at 531. Rather, the court explained, "it is sufficient that the case invokes such law as a basis for relief" and "a plaintiff need only plead nonfrivolous claims relating to sexual assault or to conduct alleged to constitute sexual harassment" for the EFAA to apply. *Id.* at 532-33. In so holding, the court focused on the statute's use of the word "dispute," as opposed to claim, and its use of the phrase "conduct that is *alleged to* constitute sexual harassment." *Id.* at 534-35 (emphasis added). The *Diaz-Roa* court explained: "[T]he EFAA speaks to 'allegations,' i.e. the content of a pleading, and not to the conclusion that those allegations plausibly state a claim for relief if the pleading is challenged under Rule 12(b)(6)." *Id.* at 535.

The parties' positions, thus, trace a split among the district courts, the minority of which "apply a liberal standard according to which a plaintiff need only 'plead nonfrivolous claims relating to sexual assault or to conduct alleged to constitute sexual harassment," and the others which "'evaluate EFAA arguments using the pleading standards of Federal Rule of Civil

Procedure 12(b)(6).'" *See Van De Hey v. EPAM Sys. Inc.*, No. 24-CV-08800-RFL, 2025 WL 829604, at *3 (N.D. Cal. Feb. 28, 2025).

The court agrees with the thorough analysis set forth in *Diaz-Roa* and that court's conclusion that a complaint alleging a sexual harassment dispute is sufficient to invoke the EFAA, whether or not those allegations could survive a Rule 12(b)(6) motion to dismiss. However, the court need not and does not conclude that sexual harassment allegations asserted in connection with a claim that has been dismissed from a complaint pursuant to a litigated Rule 12(b)(6) motion will be sufficient to bring the case under the EFAA. What remains in this case is a retaliation claim *predicated upon the reporting of alleged sexual harassment*. This is, as several other courts have held, itself a "sexual harassment dispute" covered by the EFAA. *See Diaz-Roa*, 757 F. Supp. 3d at 536 ("The Second Circuit's decision in *Olivieri* . . . strongly suggests that a plaintiff need not state a claim for sexual harassment to be considered to have made allegations 'relating to conduct that is alleged to constitute sexual harassment.'"); *Molchanoff v. SOLV Energy, LLC*, No. 23cv653-LL-DEB, 2024 WL 899384, at *5 (S.D. Cal. 2024) (unpublished disposition); *Hix v. Dave & Buster's Mgm't Corp., Inc.*, No. 3:23-cv-623-AR, 2023 WL 9425283, at *9 (D. Or. 2023) (unpublished disposition); *see also Olivieri v. Stifel, Nicolaus & Co., Inc.*, 112 F.4th 74, 92 (2d Cir. 2024) ("[R]etaliation resulting from a report of sexual harassment is 'relat[ed] to conduct that is alleged to constitute sexual harassment.'"). Thus, Plaintiff's surviving retaliation claim – which the court has found to be sufficiently pled – is a sexual harassment dispute, and pursuant to the terms of the EFAA, arbitration of that claim may not be compelled.

///

///

**CONCLUSION**

Accordingly, Defendant's motion to compel arbitration (ECF No. 29) is **DENIED**. The stay of discovery previously authorized by the court pursuant to the stipulation of the parties is accordingly **LIFTED**, and Defendant shall file an answer to the surviving claim of Plaintiff's complaint within thirty days of the date of this order.

**IT IS SO ORDERED**.

Dated: January 16, 2026

_____
Craig S. Denney
United States Magistrate Judge

5